GREGORY A. JACKSON
Jackson Law Firm
320 11th Ave.
Helena, MT 59620
Phone: 406-443-2140

DON VERNAY
1604 Golf Course Road SE
Rio Rancho, NM 87124
Phone: 505-892-2766

Attorneys for Petitioner

FILED
HELENA DIVISION

2006 JAN 5 PM 4 05

PATRICK E. DUFFY, CLERK
BY _____
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RONALD ALLEN SMITH, <br><br> Petitioner, <br><br> -vs- <br><br> MIKE MAHONEY, Warden, Montana State Prison, <br><br> Respondent. | Cause No. CV-86-198-M-CCL <br><br> PETITIONER'S BRIEF IN RESPONSE TO RESPONDENT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT AND PETITIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT |

COMES NOW the Petitioner in the above captioned proceeding, by and through undersigned counsel, and submits the following brief in response to the Respondent's motions to dismiss and for summary judgment.

## I. INTRODUCTION

The factual and procedural background pending the filing of the Petitioner's Amended Writ of Habeas Corpus challenging the sentence of death imposed by the Eleventh Judicial District Court of the State of Montana on September 19, 1995 is set forth in the Respondent's Statement of Uncontroverted Facts, in ¶¶ 1-65 of the Amended Petition and § I of the Answer filed by the Respondent.

On February 1, 2002 the Petitioner filed an Amended Petition for Writ of Habeas Corpus setting forth sixteen claims for relief. On October 1, 2003 the Respondent filed its Answer, accompanied by approximately 1,250 pages of exhibits. Pursuant to stipulation of the parties, the aforesaid exhibits were returned to counsel for the State of Montana so they could be Bates numbered for easier reference by the Court and the parties.

Pursuant to the briefing schedule set by the Court, on July 28, 2003 the Respondent filed a Motion to Dismiss and for Summary Judgement and 67 page supporting memorandum, claiming *inter alia* that the Petitioner has failed to exhaust certain claims and portions of other claims and that no issues of material fact exist with respect to the remaining claims and that the Respondent is therefore entitled to judgment as a matter of law.

As will be shown below, however, with the exception of those claims or portions of claims abandoned herein, the Petitioner has exhausted all of the remaining claims in his petition.

It will be further shown the actions of the Supreme Court of the State of Montana and the Flathead County District Court that precluded the Petitioner from developing the actual

basis for his federal claims in state court create a genuine issue of material fact with respect to the actions of Judge Larson and that summary judgment is therefore inappropriate and this matter should be set for an evidentiary hearing.

Finally, the Petitioner moves this Court for summary judgment on claims 2, 3, 4, 11, 13 and 14 of the Amended Petition, as no genuine issues of material fact exist with respect to these claims and the Petitioner is entitled to judgment as a matter of law.

## II. RESPONSE TO MOTION TO DISMISS

The Respondent has set forth in mind-numbing detail its arguments that the Petitioner has defaulted and/or failed to exhaust certain of the claims in the Amended Petition. And after addressing the law pertaining to the exhaustion of claims, for purposes of clarity the Petitioner will address each of these arguments seriatim.

### A. Law Pertaining to the Exhaustion of Claims.

The relevant statutory provision pertaining to the requirement that a habeas petitioner present and exhaust his claims in state court is 28 U.S.C. §2254(b)(1)(A), which provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State court
> shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the
> courts of the State; . . .

In *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546 (1991) the United States Supreme Court held that:

> This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. . . .
>
> When the independent and adequate state ground supporting a habeas petitioner's custody is a state procedural default, an additional concern comes into play. This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. . . .

501 U.S. at 729, 731, 11 S.Ct. at 2253, 54 *(citations omitted)*.

In *Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887 (1995) the Court further elaborated upon the exhaustion doctrine, stating that:

> [E]xhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of its prisoners federal rights" . . . If state courts are to be given the opportunity to correct alleged violations of prisoners federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

513 U.S. at 365-366, 115 S. Ct. at 888, *citing and quoting from Picard v. Connor*, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971).

Thus, not only must a petitioner present his claims to the state courts, he or she must also "federalize" the claims by asserting the violation of a federal right either by referring to a specific case or cases or a section of the United States Constitution.

In *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347 (2004), the United States Supreme Court further elaborated on the requirement to "federalize" claims in state court. The

Petitioner in *Reese* claimed ineffective assistance of appellate counsel in his state postconviction proceeds, but did not claim a violation of a federal right in conjunction therewith. 541 U.S. at 29-30, 115 S.Ct. at 1349-50. In vacating the 9th Circuit's holding that reversed the lower court's denial of this claim, Justice Breyer wrote for the Court that the failure to federalize the claim constituted a default for failure to exhaust:

> We consequently hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

541 U.S. at 32, 124 S.Ct. at 1351.

The Court further elaborated on what would suffice to make a federal claim cognizable:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, **by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."**

*Id.* (emphasis supplied). *See also Minett v. Hendricks*, 135 Fed. Appx. 547, 2005 U.S. App. LEXIS 12718 (June 23, 2005).

The foregoing principle was further articulated and applied in *Jackson v. Edwards*, 404 F.3d 612 (2nd Cir. 2005):

> Exhaustion does not require citation of "book and verse of the federal constitution." *Picard, 404 U.S. at 278.* The purpose of the exhaustion requirement is to ensure that a state court is given

>the "opportunity to pass upon and correct alleged violations of its prisoners federal rights." *Id. at 275* (internal quotation marks and citation omitted). This opportunity is most straightforwardly presented when the relevant constitutional principle is explicitly raised in state proceedings. However, this opportunity is also presented when the substance of the federal habeas corpus claim is clearly raised and ruled on in state court, *Picard, 404 U.S. at 278*, **although the federal principle may initially be attached to a different label than the one ultimately affixed in federal habeas proceedings.** See, e.g., *Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir. 1989)* ("we do not believe this label change . . . creates a fundamentally new argument which the state courts did not have an opportunity to consider."); *Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984)*; *Williams v. Holbrook, 691 F.2d 3, 9-11 (1st Cir. 1982)*.

404 F.3d at 619 (emphasis supplied)

Thus, although a petitioner must alert the state courts that he is alleging the violation of a constitutional right, it is clear from the foregoing that all that is necessary is that the state courts be alerted to a petitioner's federal claim.

**B. With the exception of those claims abandoned herein, the Petitioner has exhausted all of his claims.**

**1. Claim 1 of the Amended Petition.**

The Respondent argues that Petitioner's Claim One, which addressed the constitutionality of the Montana statute pertaining to the selection of judges, is defaulted due to the Petitioner's failure to present this claim to the state courts in his earlier direct appeals. Respondent's Memorandum in Support of Motions to Dismiss and Summary Judgment at 7-9 (hereinafter Respondent's Memorandum). With the exception of the factual allegations

set forth in ¶ d. of Claim 1 addressing the actions of Judge Larson, which have been exhausted and are part of other claims in the Amended Petition, the Petitioner abandons Claim 1 of the Amended Petition.

### 2. Claims 2 & 13 of the Amended Petition

Although the Respondent seems to acknowledge that the Petitioner has exhausted those portions of Claims 2 and 13 pertaining to the district court's consideration of the prior death sentences and the testimony of Doctor Stratford under a Fifth, Sixth and Fourteenth Amendment analysis, Respondent's Memorandum at 10, the Respondent nonetheless seems to argue that because the Petitioner did not claim a violation of the mandate of *Smith v. McCormick*, 914 F.2d 1153 (1990) in his state habeas petition, although the issue was raised and ruled upon by the Montana Supreme Court in his direct appeal, this portion of the claim is unexhausted. The Respondent also argues that because the Petitioner has alleged a violation of the Eighth Amendment in his federal claims 2 and 13, those portions of the claims are unexhausted and the claims should therefore be dismissed. Respondent's Memorandum at 11-12.

In response to the Respondent's allegations regarding the Eighth Amendment portions of Claims 2 and 13, for purposes of judicial economy the Petitioner abandons his Eighth Amendment claims under Claims 2 and 13 and rests these Claims on the basis of a violation of the Fifth, Sixth and Fourteenth Amendments, all of which have been properly exhausted in state court.

With respect to the Respondent's argument pertaining to the Petitioner's reference to a violation of *Smith v. McCormick*, however, this argument fails for at least two reasons.

First, the exhaustion doctrine does not require that a federal habeas corpus petitioner frame a claim in precisely the same manner in which it was set forth in the state court pleadings. In *Picard v. Connor, supra,* which the Respondent has cited in support of its arguments, the United States Supreme Court held that:

> [T]here are instances in which "the ultimate question for disposition," *United States ex rel. Kemp v. Pate, 359 F. 2d 749, 751 (CA7 1966)*, will be the same despite variations in the legal theory or factual allegations urged in its support. A ready example is a challenge to a confession predicated upon psychological as well as physical coercion. See *Sanders v. United States, 373 U.S. 1, 16 (1963)*. Hence, we do not imply that respondent could have raised the equal protection claim only by citing "book and verse on the federal constitution." *Daugharty v. Gladden, 257 F. 2d 750, 758 (CA9 1958);* see *Kirby v. Warden, 296 F. 2d 151 (CA4 1961)*. **We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.**

404 U.S. at 277-278, 92 S.Ct. at 513 *(emphasis supplied)* .

In *Odem v. Hopkins,* 192 F.3d 772 (8th Cir. 1999) a habeas petitioner brought a *Brady* claim before the federal court and as in the instant case, the State argued that it was unexhausted because the Petitioner did not cite *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1983) in his state court proceedings. 192 F.3d at 775. The Court held that:

> The State's contention that Odem's failure to cite *Brady* is dispositive in making this issue procedurally barred for failure to exhaust state courts remedies is incorrect. All Odem was required to do was to fairly apprize the state court of the facts

> and the "substance" of his federal claim. See *Anderson v. Harless*, 459 U.S. 4, 6, 74 L. Ed. 2d 3, 103 S. Ct. 276 (1982). The fact that Odem did not specifically mention Brady itself is immaterial because all the cases he cites to in footnote 2 are cases that involve withholding of exculpatory evidence claims and do not deal with ineffective assistance of counsel issues. An exact duplicate of Odem's state court argument is not required for exhaustion, but what Odem had to do was to give a recitation that would give the state court a "fair opportunity" to apply the relevant controlling legal principles. See *Picard, 404 U.S. at 276-77*. This Odem has done even though his briefs before the state court were not a model of clarity. Therefore his Brady violation claim is properly before this Court.

*Id.* at 776.

This is precisely the situation in the instant case. The Petitioner placed the issue of the consideration of the prior death sentences and the Stratford testimony both as constitutional violations and as a violation of *Smith v. McCormick* squarely before the Montana Supreme Court in his direct appeal and they considered and ruled upon this precise claim. *See State v. Smith*, 931 P.2d 1272 at 1282 (1996). The fact that his federal claim is not precisely worded like the state claim brings no new factual or legal issues before this Court. *See also, Vasquez v. Hillery,* 474 U.S. 254, 257-58, 106 S. Ct. 617, 620 (1986).

Second, as was noted above, the fact that the Petitioner phrased his Stratford claim differently in the Amended Petition does not bar this Court from considering it, as there is no doubt whatsoever that the state courts had numerous opportunities to address and rule on these same claims.

Similarly, the fact that the Petitioner did not appeal the state postconviction court's finding of *res judicata* on his Stratford claim is of no consequence, as the state court specifically cited the Montana Supreme Court's holding denying this claim in its Order. *See* Order and Rationale on Motion to Dismiss at 6-7, State's Exhibit at 129-130. *See, also, Lynce v. Mathis*, 519 U.S. 433, 436 n.4, holding "that exhaustion would have been futile" because the state supreme court had previously rejected the same or similar claims.

### 3. Claim 3 of the Amended Petition

The Respondent argues that Claim 3 is procedurally barred because this claim was not appealed to the Montana Supreme Court after the dismissal of the same claim by the state habeas court on the grounds "that claim could have been raised on direct appeal." Respondent's Brief at 12. This **was not** the finding of the state postconviction court, however. The state court instead wrote that the claim "either **was** or could have been raised on appeal." Order and Rationale on Motion to Dismiss at 7, State's Exhibit at 130 (*emphasis supplied*). In fact, this claim was raised and rejected in the Petitioner's direct appeal. *See State v. Smith*, 931 P.2d 1272 at 1287-88 (1996).

Thus, this is not a finding of procedural default, but instead of *res judicata* and therefore subject to the same analysis as the previous claim and the holding of *Lynce v. Mathis, supra. See also, Bear v. Boone*, 173 F.3d 782, 785 (10th cir. 1999), holding that a ruling by the state's highest court necessarily encompassed rejection of the position the petitioner was advancing in his federal habeas corpus petition.

With respect to the Fifth Amendment portion of Claim 3, the Petitioner abandons this portion of the claim and rests his claim on a violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

### 4. Claim 4 of the Amended Petition.

In its argument pertaining to Claim 4, the State once again addresses the minutiae of the language in the state and federal claims and, contrary to *Picard v. Connor, supra* and the line of cases following it, attempts to claim a default because the Petitioner's claim is not phrased exactly as it was below and that the Petitioner failed to appeal the state postconviction court's holding of *res judicata* in it dismissal of the state habeas petition. The State further claims that the Petitioner has raised a Fifth Amendment claim in Claim 4 of his federal petition and did not do so in state court. Respondent's Brief at 12-13.

With respect to the Respondent's argument regarding the Petitioner's Fifth Amendment claim in Claim 4, the Petitioner abandons this portion of the claim and rests his claim on a violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

With respect to the remainder of the Respondent's arguments pertaining to exhaustion, the same analysis set forth in pages 7-9, *supra* applies to the instant Claim and the Petitioner respectfully submits that this claim, as well as the preceding claims have been exhausted.

### 5. Claim 6 of the Amended Petition

In its argument addressing Claim 6 the State claims that when this issue was raised on direct appeal it was challenged solely as a violation of the Eighth Amendment. Respondent's Brief at 14. Once again, the Respondent misstates the record.

With the exception of the language in the cases quoted from in the argument in this section, counsel for the Petitioner did not specifically mention the Eighth Amendment, but instead referred the Montana Supreme Court to Issue IV of his brief, and included it in his argument in which he clearly and unequivocally addresses constitutional violations under the Fifth, Sixth, Eighth and Fourteenth Amendments. *See* State's Exhibit at 200, 223; Appellant's Brief at 32, 55-56. Further, virtually all of the federal cases cited in this section clearly lay the groundwork for the Fifth, Sixth, Eighth and Fourteenth Amendment claims. *See Jackson v. Edwards, supra* at 619; *Picard v. Connor, supra* at 278.

### 6. Claim 7 of the Amended Petition

In its argument addressing Claim 7 the State once again states that when this issue was presented to the Montana Supreme Court it was "exclusively as a challenge under the Eighth Amendment." Respondent's Brief at 14. Once again, the Respondent is mistaken in its analysis.

In direct appeal issue III the Petitioner based his argument upon a plethora of federal cases, including *Smith v. McCormick*, virtually all of which were decided under the Fifth, Sixth, Eighth and Fourteen Amendments of the United States Constitution. For example, among other cases, the Petitioner cites *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047

(1990) in his argument on issue III, and *Walton* involved issues under the Fifth, Sixth, Eighth and Fourteenth Amendments. *See* State's Exhibit at 207-210, Appellant's Brief at 39-42.

Despite the clearly federal analysis presented to the Montana Supreme Court, the Respondent argues that the claim is unexhausted because "[t]his precise claim was never presented to the state court." Respondent's Brief at 14. This analysis clearly flies in the face of *Picard, Duncan, Baldwin* and the whole line of cases that clearly hold it unnecessary to present a verbatim version of the federal claim in state court. As the Court in *Odem v. Walker, supra,* noted, all that is necessary is "to give a recitation that would give the state court a "fair opportunity" to apply the relevant controlling legal principles." *Id.* at 776, *citing Picard v. Connor, supra* at 276-77. The Petitioner clearly has met his burden in this regard and properly exhausted Claim 7.

### 7. Claims 9 & 10 of the Amended Petition

Petitioner abandons claims 9 and 10 of the Amended Petition.

### 8. Claim 12 of the Amended Petition

As in its previous arguments, the Respondent once again mistakenly argues that because the Petitioner did not cite chapter and verse of his federal claim in his state court proceedings he has not exhausted his Fifth, Sixth and Eighth Amendment claims in his federal petition.

The case primarily relied upon by the Petitioner in his state court argument is *Adamson v. Ricketts*, 865 F.2d 1011 (9th Cir. 1988). *See* State's Exhibit at 245-250. The *Adamson* Court in its analysis addressed a host of constitutional issues pertaining to the Fifth,

Sixth, Eighth and Fourteenth Amendments of the United States Constitution and thus the Petitioner has met his burden and exhausted this claim. *See, e.g.,* 865 F.2d at 1016-1017.

### 8. Claim 16 of the Amended Petition.

The Respondent's argument pertaining to the Petitioner's exhaustion of Claim 16 is, to say the least, puzzling. In the same paragraph wherein it cites the Order of this Court specifically holding that Claim 16 is exhausted, it then goes on to urge dismissal of this claim because "it was never presented to the state courts" in the same manner that it was initially presented in the Petitioner's Rule 60(b) motion in state court. The Respondent also mistakenly states that the Petitioner's state court motion is "still pending."[1] Respondent's Brief at 15-16. At the risk of redundancy counsel must once more address the Respondent's argument that because the Petitioner did not present his claim chapter and verse on his direct appeal in the manner he has done in his Rule 60(b) motion in the Amended Petition it should be dismissed.

Obviously, this Court seems to think otherwise and has so ruled, so the Petitioner will stand upon the order of this Court deeming claim 16 exhausted.

### C. Conclusion

In sum, then, with the exception of those specific claims or portions of claims abandoned here, it is respectfully submitted that the Petitioner has exhausted all of the claims

---

[1] Mont. R. Civ. P. 59(d) provides that if the court does not rule on the motion in 60 days it shall be deemed denied.

in the Amended Petition for Habeas Corpus and the Respondent's Motion to Dismiss should therefore be denied.

### III. RESPONSE TO MOTION FOR SUMMARY JUDGMENT

In the same manner as the Petitioner addressed the Respondent's arguments in support of its motion to dismiss, with the exception of those claims abandoned herein, the Petitioner will address Respondent's arguments in support of summary judgment seriatim.

#### A. Law Pertaining to Summary judgment

As the Respondent correctly notes in its brief, pursuant to Federal Rule of Civil Procedure 56(c), a Court may grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. This rule has been held to apply with equal force in the context of habeas corpus cases, but it applies "only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *cert. dismissed sub nom. Smith v. Dretke*, 541 U.S. 913, 124 S.Ct 1652 (2004). *See also Allen v. Newsome,* 795 F.2d 934, 938 n. 11(11th Cir. 1986).

As the Respondent further notes, pursuant to 28 U.S.C. § 2254(d) in a summary judgment proceeding under the habeas rules, factual findings made by the state court are presumed to be correct, unless subject to one of seven conditions, none of which the Respondent listed in its brief.

In *Sumner v. Mata,* 449 U.S. 539, 101 S. Ct. 764 (1981), which the Respondent cites in its brief, Justice Rehnquist set forth the requirements and exceptions of § 2254(d) prior to

its amendment by the Antiterrorism and Effective Death Penalty Act of 1996. The pre-1996 law, which applies to the instant Petition, provides as follows:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit –
>
> (1) that the merits of the factual dispute were not resolved in the State court hearing;
>
> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
>
> (3) that the material facts were not adequately developed at the State court hearing;
>
> (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
>
> (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
>
> (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
>
> (7) that the applicant was otherwise denied due process of law in the State court proceeding.

449 U.S. at 544-45, 101 S. Ct. at 767-68 (*quotation marks removed*).

As the Respondent correctly notes, absent one of the aforementioned exceptions, the presumption of correctness also applies to findings of state appellate courts. *Id.* at 546-47; Respondent's Brief at 4.

If a party does not meet one of the above noted exceptions, in order for a party to rebut the above noted presumption of correctness, he or she must "establish by convincing evidence" at a federal hearing "that the factual determination by the State Court was erroneous." 28 U.S.C. § 2254(d).

It must be noted, however, that although a federal district court may defer to a properly developed state factual record, it is not bound by the state court's conclusions of law. In *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745 the United States Supreme Court held that:

> Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas.

372 U.S. at 318, 83 S. Ct. at 760 (*citation omitted*).

Further, as the *Townsend* court noted, if a petitioner is not given the opportunity properly to develop the factual record in state court and the facts remain in dispute, the federal court must hold an evidentiary hearing:

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required [*313] unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

*Id.* at 312-313, 83.S. Ct. at 757 (*footnote omitted*).

As will be shown below, the actions of the Montana state courts in addressing the Petitioner's claims, including but not limited to the Montana Supreme Court's refusal to allow the Petitioner to supplement the record of his appeal and the district court's summary dismissal of the Petitioner's state habeas corpus petition without giving him an opportunity to develop the factual record pertaining to the actions of the sentencing judge create genuine issues of material fact, thus precluding the granting of the Respondent's motion for summary judgment and further requiring that this Court hold an evidentiary hearing on the Petitioner's claims.

**B. The Respondent's motion for summary judgment fails to establish an absence of genuine issues of material fact and should therefore be denied.**

**1. Claims 2 and 13 of the Amended Petition**

In its decision reversing the initial sentence of death imposed upon the Petitioner, the Ninth Circuit Court of Appeals noted that:

> In deciding to impose the death sentence, the Montana courts relied heavily on the psychiatric report [of Dr. Stratford] to discount other testimony that Smith's behavior changed dramatically after he used LSD and alcohol.

*Smith v. McCormick, supra* at 1158.

As the record of the 1995 sentencing hearing which is the subject of this petition indicates, little has changed since then.

The Respondent goes to great lengths in its brief to claim that the district court's **detailed reference** to the Stratford findings were no more than simply "historical." Respondent's Brief at 19-20. This argument fails for at least three reasons.

First, what the Montana courts have consistently neglected and/or overlooked is the analysis of the Ninth Circuit Court of Appeals in *Smith v. McCormick* that by implication holds that despite the error of the district court in ordering Stratford's findings be transmitted to the court and the prosecution, Stratford was **Smith's psychiatrist** and he, and only he has the right to those findings:

> These limitations underscore the logical necessity of allowing the indigent's counsel to confer with the state-appointed psychiatrist before deciding whether, or how, to place the results of psychiatric evaluation before a fact-finder. **If the only psychiatrist provided makes an evaluation which is damaging for a particular defense, an indigent, unlike a wealthy defendant, lacks the financial capacity to retain other psychiatrists. Competent counsel would want to refrain from introducing harmful testimony to the factfinder, but could still ask the court-appointed psychiatrist to consider other lines of analysis and to help prepare other forms of defense.** Counsel might restrict the use of the psychiatrist to assistance in refuting other evidence bearing on mental capacity; or might choose not to present testimony on certain forms of mental impairment at all. None of these options was available to Smith since the court gave explicit directions limiting the scope of his psychiatric evaluation, and since the report was forwarded directly to the court.

914 F.2d at 1159 (*emphasis supplied*)

The foregoing analysis specifically applies to the Petitioner's case. Stratford was the only psychiatrist available to the Petitioner at the time of the hearing and so, consistent with

PETITIONER'S BRIEF IN RESPONSE TO RESPONDENT'S
MOTIONS TO DISMISS AND FOR SUMMARY JUDGEMENT
AND PETITIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT
Page 19

the holding of *Smith v. McCormick*, they should not have been allowed into the record without the Petitioner's consent.

Thus, absent the Petitioner's consent, Dr. Stratford's findings and testimony should have been stricken from the record to avoid the type of use and abuse of these findings that has marred the history of this case.

Second, the whole theory of "historical reference" set forth by the Montana Supreme Court and the Respondent is suspect, to say the least. For example, despite the fact that prior to the 1995 hearing, the Petitioner had undergone two other sentencing hearings and numerous mental health and other professionals testified on behalf of the Petitioner, absolutely none of their testimony or any findings in mitigation were addressed in the district court's so called "historical reference," other than the extremely damaging Stratford findings. *Compare* State's Exhibit at 13, Sentencing Order at ¶ 20 *with* State's Exhibit at 14-15, Sentencing Order at ¶ 23. *See also* Respondent's Brief at 20; *State v. Smith*, 261 Mont. 419, 863 P.2d 1000 (1993), wherein the Montana Supreme Court lists the experts who testified on behalf of the Petitioner at his second sentencing hearing:

> Dr. Noel Hoell (Hoell), a psychiatrist; Shawn Trontel (Trontel), a social worker; David Vance (Vance), a sentencing consultant; and Dr. Lawrence Halpern (Halpern), a pharmacologist . . .

261 Mont. at 426, 863 P.2d at 1004.

Further, Judge Larson was more specific in his "historical" description of the Stratford findings than the Ninth Circuit was in addressing them in *Smith v. McCormick*. *Compare* State's Exhibit at 13, Sentencing Order at ¶ 20 *with* 914 F.2d at 1156.