### C. Conclusion

Based upon the foregoing discussion it is respectfully submitted that with the exception of those issues previously decided by this Court or abandoned by the Petitioner, serious issues of material fact remain with respect to the remainder of the claims in the Petition and the Respondent's motion for summary judgment should therefore be denied.

## IV. PETITIONER'S MOTION FOR SUMMARY JUDGMENT

The Petitioner respectfully moves this Court for an Order granting summary judgment in favor of the Petitioner and against the Respondent on claims 2, 3, 5, 13, 14 and 16 and incorporates his arguments set forth in the preceding sections herein.

**A. There are no genuine issues of material fact pertaining to Claims 2, 3, 5, 13, 14 and 16 of the Amended Petition and the Petitioner is therefore entitled to summary judgment on these claims.**

**1. Claims 2, 13 and 14 of the Amended Petition**

As the Petitioner has noted in the preceding discussion, the decision of the Ninth Circuit Court of Appeals in *Smith v. McCormick, supra,* mandated not only that the Petitioner was entitled to his own psychiatrist, but also that Dr. Stratford was the Petitioner's psychiatrist and that he and only he had the right to use Dr. Stratford's findings in **any** manner. *See* discussion in § II. B. 1., *supra.*

Thus, irrespective of the issue of "historical reference" harped upon by the Montana state courts and the Respondent, the use of Dr. Stratford's findings or opinions in **any**

manner was a *per se* violation of *Smith v. McCormick* and the Petitioner is therefore entitled to relief on these claims as a matter of law.

### 2. Claims 5 and 16 of the Amended Petition

Claims 5 and 16 address the whole enterprise of judicial fact finding and burden of proof within the framework of the Montana death penalty statutes, which has virtually been voided by the decisions of the United States Supreme Court in *Ring v. Arizona, supra,* and *Blakely v. Washington, supra.*

As was noted above, although *Ring* was limited to the finding of aggravating circumstances by a jury, *Blakely* addressed the entire spectrum of judicial factfinding, which is the backbone of the Montana death penalty scheme. Justice Scalia was clear and emphatic in his holding that **any fact that results in the increase of a sentence must be found by a jury**. *Blakely v. Washington, supra* at 304-305, 124 S. Ct. at 2538.

It is further submitted that the whole enterprise of "weighing" aggravators and mitigators as opposed to fact finding cannot be done without the sentencer making some findings of fact and is really no more than a "distinction without a difference," thus bringing it within the penumbra of the holding in *Blakely*.

Because there is no factual issue in dispute with respect to claims 5 and 16 it is respectfully submitted that the Petitioner is therefore entitled to relief on these claims as a matter of law.

## V. CONCLUSION

The Respondent's motions to dismiss and for summary judgment are without merit, as with the exception of those claims and portions of claims abandoned herein, the Petitioner has exhausted all of the claims in the Amended Petition and Respondent's motion to dismiss should be denied.

Further, irrespective of the presumption of correctness of factual findings mandated by 28 U.S.C. § 2254(d) genuine issues of material fact exist with respect to the actions of the Montana courts in handling the Petitioner's case and the motion for summary judgment should therefore be denied.

Finally, no genuine issues of material fact exist with respect to claims 2, 3, 5, 13, 14 and 16 of the Amended Petition and the Petitioner is therefore entitled to judgment in his favor as a matter of law.

RESPECTFULLY SUBMITTED: January 5, 2006.

GREGORY A. JACKSON
320 11th Avenue
Helena, MT 59601
(406) 443-2410

Don Vernay, Attorney at Law
1604 Golf Course Road SE
Rio Rancho, NM 87124
(505) 892-2766

Attorneys for the Petitioner

## CERTIFICATE OF MAILING

I, Gregory A. Jackson, Attorney at Law, do hereby certify that on January 5, 2006 I served a copy of the foregoing document upon the following by mailing a true and correct copy thereof, postage prepaid and addressed as follows:

C. Mark Fowler
Assistant Attorney General
P.O. Box 201301
Helena, MT 59620-1301

_____
Gregory A. Jackson, Attorney at Law