MIKE McGRATH
Montana Attorney General
C. MARK FOWLER
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-2026
Fax: (406) 444-3549

COUNSEL FOR RESPONDENT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RONALD ALLEN SMITH, ) | ) Cause No. CV-198-M-CCL |
| Petitioner, ) | ) |
| ) | ) **RESPONDENT'S REPLY TO** |
| v. ) | ) **PETITIONER'S BRIEF IN** |
| ) | ) **RESPONSE TO MOTIONS TO** |
| MICHAEL MAHONEY, Warden, ) | ) **DISMISS AND FOR SUMMARY** |
| Montana State Prison, ) | ) **JUDGMENT AND** |
| ) | ) **PETITIONER'S CROSS-MOTION** |
| Respondent. ) | ) **FOR SUMMARY JUDGMENT** |
| ) | |

## I.   INTRODUCTION

Respondent, through counsel C. Mark Fowler, Montana Assistant Attorney

General, pursuant to the Court's Order dated April 8, 2005, respectfully submits this

brief in reply to Smith's Brief in Response to Respondent's Motions to Dismiss and

for Summary Judgment and Petitioner's Cross-Motion for Summary Judgment filed

with the Court on January 5, 2006, and Petitioner's Statement of Genuine Issues and Uncontroverted Facts, filed with the Court on January 5, 2006. Respondent hereby renews his request that this Court grant Respondent's Motions to Dismiss and for Summary Judgment and deny Smith's Petition for Habeas Corpus on all grounds.

II. **ON THOSE CLAIMS AND PORTIONS OF CLAIMS RESPONDENT HAS ESTABLISHED SHOULD BE DISMISSED BECAUSE THEY ARE PROCEDURALLY DEFAULTED, SMITH IN HIS RESPONSE HAS NEITHER ALLEGED NOR ESTABLISHED CAUSE AND PREJUDICE OR HIS ACTUAL INNOCENCE TO EXCUSE HIS DEFAULTS**.

Smith has neither alleged nor established cause and prejudice or his actual innocence to excuse his procedural defaults. He attempts to evade application of the procedural default bar by wrongly summarizing the applicable law governing the proper presentation of claims in state court.

This Court should reject Smith's discussion of the federal fair presentation doctrine as misstated. He relies on dicta in <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004), but that case is distinguishable from Smith's case. The United States Supreme Court held in that case that a petitioner does not satisfy the fair presentation requirement of <u>Picard</u> if the state court must go beyond the pleadings presented. Smith nevertheless insists he "fairly presented" his claims to the state courts, pursuant to <u>Picard v. Connor</u>, 404 U.S. 270 (1971). While fair presentation requires that a habeas petitioner present the "substance" of his federal habeas corpus claims to the state courts, <u>Picard</u>, 404 U.S. at 278, and although a petitioner does not need to cite "book and verse on the federal constitution," <u>Daugharty v. Gladden</u>, 257 F.2d 750, 758 (9th Cir. 1958), <u>quoted with</u>

approval in Picard, 404 U.S. at 278, the same operative facts and legal theory must be presented. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). Respondent relies on his briefing previously submitted showing Smith's various claims and portions of claims did not present the same operative facts and legal theories. Respondent additionally replies to Smith's brief in response.

     Claims 2, 3 and 4. Smith mischaracterizes Respondent's discussion of Claim 2. Respondent argues that the precise assertion stated in his amended claim *combines* into a *distinct* single claim two separate assertions: 1) the sentencing court's alleged consideration of prior death sentences *coupled* with 2) the alleged consideration of Dr. Stratford's testimony in violation of Smith v. McCormick. This assertion, couched as a distinct, combined claim, was never properly brought before any state court. See Duncan v. Henry, 513 U.S. 364, 366 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

    Smith's assertion that he did not appeal the state postconviction court finding of res judicata on his claims 2, 3 and 4 because of "futility" is false. A claim must be fairly presented to the state's highest court. Castille v. Peoples, 489 U.S. 346 (1989); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). The rule applies regardless of whether the claim is raised on direct appeal or in state habeas. White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999). Here, Smith essentially seeks to circumvent this rule and avoid exhaustion by reference to a so-called "futility doctrine," claiming that it would be futile to require presentation to the highest state court because that court has already ruled against the claim. The so-called doctrine is disfavored in the Ninth

Circuit, Roberts v. Arave, 847 F.2d 528, 530 (9th Cir. 1988), and has been generally discounted in Noltie v. Peterson, 9 F.3d 802, 805-06 (9th Cir. 1993).  See also Kornahrens v. Evatt, 66 F.3d 1350, 1358-59 (4th Cir. 1995) (no such doctrine exists). The United States Supreme Court has stated that futility cannot constitute cause to overcome a default for failure to present the claim if it simply means that a claim was unacceptable to that court at a particular time.  Bousley v. United States, 523 U.S. 614, 623 (1998), citing Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982) ("[A petitioner] may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon further reflection, that the contention is valid."); see also Simpson v. Matesanz, 175 F.3d 200, 211 (1st Cir. 1999) (finding no cause for failure to present a claim simply because it has been rejected before).

    Claim 6, 7 and 12.  Smith claims that when he cited authorities in state court he laid "the groundwork for the Fifth, Sixth, Eighth and Fourteenth Amendment" bases of his Claim 6.  He makes the same suggested defenses for Claims 7 and 12.  Smith is flatly wrong.  The groundwork relied upon in state courts "must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988); see also Casella v. Clemons, 207 F.3d 18, 21 (1st Cir. 2000) ("the proponent must have presented the federal claim to the state courts unveiled."); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").  In sum, except for

the reliance on the Eighth Amendment, the remaining constitutional grounds presented in Claims 6, 7 and 12 were never presented to the state court.

III. **BECAUSE SMITH FAILS TO ALLEGE, MUCH LESS SHOW, CAUSE AND PREJUDICE NECESSARY TO OVERCOME HIS FAILURE TO DEVELOP FACTS IN THE STATE COURTS, AND FAILS TO PROVE THAT ANY OF THE EXCEPTIONS TO THE GENERAL PRESUMPTION OF CORRECTNESS APPLY, THIS COURT SHOULD GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT.**

A. **Smith Ignores His Burden of Showing Cause and Prejudice for His Failure to Develop Facts in the State, and His "Issue" Regarding the State Court's Refusal to Allow Factual Development Is Barred.**

Smith under paragraph 1 of his Statement of Genuine Issues and Uncontroverted Facts appears to declare he is entitled to contest the state court's refusal to accede to Smith's request for factual development of his judicial bias claim. (Pet'r Stmt. General Issues & Unc. Facts at 1, ¶ 1.) As discussed in Respondent's opening brief, a habeas petitioner who has failed to develop facts in the state court is barred from having those facts considered in federal court. (Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 6.) Thus, Smith is barred from raising this as an issue without first showing cause and prejudice. (See Id.) Smith fails to assert any cause or prejudice allegation. As discussed by the Montana Supreme Court, Smith could have reasonably raised his judge bias claim for factual development in prior sentencing court proceedings but did not. (State's Ex. 134; Smith v. State, 2000 MT 327, ¶ 24, 303 Mont. 47, 15 P.3d 395.) As a matter of law, based on the authorities cited in Respondent's opening brief, including Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992) and its progeny, Smith's contention that a genuine issue of material fact exists with

respect to the Montana state court's refusal to allow him to develop factual claims of bias is barred from habeas review.

Further, it appears from the manner in which Smith has couched his alleged first "genuine issue" that he seeks to challenge the state court's application of its own procedural law. Such a challenge, to the degree that it seeks to overcome a procedural default for the timely presentation of requests for factual development, is barred under the procedure mentioned above set forth by Keeney and other authorities.

In any event, a challenge to the state court's application of its own procedural law is not a factual issue but a legal event to which this Court is charged by habeas law to defer. Under Ninth Circuit precedent, this Court must presume that the state court properly applied its own state law. Woratzeck v. Stewart, 97 F.3d 329, 336 (9th Cir. 1996) (declaring presumption that the Arizona Supreme Court properly applied its own law and found the aggravating circumstances in capital sentencing case beyond a reasonable doubt). Federal courts in this Circuit cannot consider whether the state court properly applied its default rules to the petitioner's facts. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998) (petitioner argued the state trial court improperly applied state procedural rule in holding his claims defaulted since the conditions for inferring waiver under the rule were not satisfied; "Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules.") (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions")); Wood v. Hall, 130 F.3d 373, 378-79 (9th Cir. 1997); see also Sweet v.

Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) (it is not the office of the federal habeas court to determine if the state court made a mistake of state law in applying a procedural bar).

Accordingly, to the extent Smith's "factual issue" seeks to have this Court scrutinize the state court's decision to apply its procedural rules, this Court is barred from doing so and must defer to the Montana Supreme Court's interpretation and application of its own procedural law.  See Collier v. Bayer, 408 F.3d 1279, 1283 n.4 (9th Cir. 2005) (declaring federal courts of appeal may not review state courts' interpretations of state law and therefore declining to review Nevada Supreme Court's application of Nevada's statute of limitations to petitioner's state habeas petition, which the latter court barred as untimely, even where the petition appeared on its face to conform with the state's one-year time limit).

> B.   **Under None of Smith's Four Statements of Alleged Genuine Issues of Material Fact Does Smith Meet His Burden of Presenting Convincing Evidence to Rebut the State Court's Presumptively Correct Findings.  Mere Conclusory Statements Offered by Smith Do Not Satisfy the Very High Standard That Smith Must Meet in Challenging the State Court Findings.**
>
> 1.   **A Habeas Petitioner Who Is a Non-Moving Party to a Summary Judgment Motion Cannot Controvert State Court Factual Findings Without First Proving That Any of the Exceptions to the General Presumption of Correctness Apply.**

Respondent submits he met his burden of establishing the absence of genuine issues of material fact.  Respondent having met his burden, Smith is now "required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial."  10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal

Practice and Procedure § 2720 (3d ed. 1998); see also Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998) (stating "to defeat a summary judgment motion, the non-moving party must demonstrate that the evidence is such that a reasonable jury could return a verdict in [its] favor").

This does not end Smith's burden since the dictates of federal habeas law control what constitutes an issue worthy of a hearing. See Union P. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1435 (9th Cir. 1991) (stating relevant substantive law governs which facts in a summary judgment proceeding are material). Under federal habeas law, if the specific facts shown by Smith appear to contradict presumptively correct state court findings, then Smith has the added burden of first alleging, then clearly and convincingly proving, that a statutory exception exists and applies to the fact findings under 28 U.S.C. § 2254(d)(1) - (7). Federal habeas law, specifically at § 2254(e)(1), mandating that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule in a summary judgment proceeding that all disputed facts must be construed in the light most favorable to the nonmoving party. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) cert. granted in part on other grounds, and dism'd, 124 S. Ct. 1652 (2004). This is because summary judgment rules apply in federal habeas only to the extent that they do not conflict with habeas rules under 28 U.S.C. § 2254. See Williams v. Coyle, 167 F.3d 1036, 1038 (6th Cir. 1999) (citing 28 U.S.C. § 2254, R. 11). Thus, unless Smith can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's

findings of fact, the state court's findings must be accepted as correct, and *a fortiori,* uncontroverted and thus ripe for summary judgment.

### 2. Smith Never Proved Any Exception to the Presumption of Correctness.

#### a. <u>Smith's four alleged genuine issues of fact</u>

All of Smith's supposed genuine issues of material fact are mere rephrasings of his claims in his Amended Petition. His first alleged genuine issue of material fact, ¶ 1, rephrases allegations found at Amended Petition at 16, ¶¶ 63-64, under Smith's general allegations of "Background and Facts." The second alleged genuine issue of material fact, ¶ 2, rephrases allegations found at Amended Petition at 18, ¶ 71, as specific allegations purporting to support Amended Petition Claim 2. The third alleged genuine issue of material fact, ¶ 3, rephrases allegations found at Amended Petition at 17, ¶ 68 d., as specific allegations purporting to support Amended Petition Claim 1. The fourth alleged genuine issue of material fact, ¶ 4, rephrases allegations found at Amended Petition at 31, ¶ 99, as specific allegations purporting to support Amended Petition Claim 12.

The non-moving Summary Judgment party must go beyond the pleadings and "set forth specific facts" that show a genuine issue for a hearing trial. <u>See</u> <u>Leisek v. Brightwood Corp.</u>, 278 F.3d 895, 897 (9th Cir. 2002). Realleging assertions from his petition does not fulfill a petitioner's burden of showing the existence of a genuine issue of material fact. <u>See</u> Fed. R. Civ. P. 56(e). As for showing "specific facts," Smith relies exclusively on the state court record. It is from his rephrased allegations

combined with citations to the state court record that Smith attempts to thwart the suitability of Respondent's summary judgment motion. Smith's attempt to meet his summary judgment burden fails because all he has done is point entirely to the state court record and then make a multitude of different arguments suggesting how one may arrive at conclusions different from those made by the state court who presided over, and based its decisions on, the same record. Where the record supports state court findings, the state disposition prevails even though a record could perhaps be interpreted otherwise. Garvin v. Farmon, 258 F.3d 951, 958 (9th Cir. 2001). Alternative arguments of counsel "are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment." Estrella v. Brandt, 682 F.2d 814, 819-20 (9th Cir. 1982).

The paramount point Smith fails to recognize is that not one of his alleged issues can be material since each one is controverted by presumptively correct state court findings. With the exception of only one claim, presented by Smith's alleged genuine issue regarding judicial bias under ¶ 1, Smith has neither alleged nor clearly and convincingly proven that a statutory exception exists and applies to the factfindings under 28 U.S.C. § 2254(d)(1) to (7). As more fully discussed below in this brief, Smith's one argument for application of § 2254(d) to his judicial bias claim is meritless. Thus, while Respondent has established the absence of any genuine issue of material fact, Smith has done nothing more than manufacture disputes on summary judgment, *ipse dixit*, by refusing to concede that he cannot overcome the truth of presumptively correct state court findings of fact.

### b. Smith's forty alleged uncontroverted facts

All of Smith's remaining contentions of the existence of fact disputes are unaccompanied by any attempt to assume the burden of rebutting the presumptively correct state court findings by clear and convincing evidence. His alleged unconverted facts are paragraph-by-paragraph rephrasings of his Amended Petition allegations[1] coupled with citations to the state court record. Since Smith has failed to present any clear and convincing evidence to overcome the presumptively correct state court findings that negate these allegations, this Court should summarily reject his 40 contentions of "uncontroverted fact."

### c. On his single, exclusive attack under 28 U.S.C. § 2254(d)(1) to (7) on the Montana state court's factfinding process, Smith has failed to present any convincing evidence to sustain his burden.

Smith attempts to claim a statutory exception under § 2254(d) by asserting that he never got an opportunity properly to develop the factual record regarding the actions of the sentencing judge. (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 16-18.) Assuming for argument's sake that this Court rejects Respondent's contention, discussed *supra* at 5-6, that Smith procedurally barred this claim, Smith

---

[1] Smith's 40 paragraphs of alleged uncontroverted facts incorporate similar language, but are more often verbatim re-adoptions, from his Amended Petition ("AP") as follows: 1 - AP ¶ 11; 2 - AP ¶ 13; 3 - AP ¶ 14; 4 - AP ¶ 15; 5 - AP ¶ 15; 6 - AP ¶ 16; 7 - AP ¶ 16; 8 - AP ¶ 17; 9 - AP ¶ 18; 10 - AP ¶ 27; 11 - AP ¶ 27; 12 - AP ¶ 28; 13 - AP ¶ 29; 14 - AP ¶ 30; 15 - AP ¶ 31; 16 - AP ¶ 35; 17 - AP ¶ 40; 18 - AP ¶ 41-42; 19 - AP ¶ 43; 20 - AP ¶ 49; 21 - AP ¶ 56; 22 - AP ¶ 56; 23 - AP ¶ 50; 24 - AP ¶ 51; 25 - AP ¶ 52; 26 - AP ¶ 53; 27 - AP ¶ 54; 28 - AP ¶ 55; 29 - AP ¶ 55; 30 - AP ¶ 55; 31 - AP ¶ 55; 32 - AP ¶ 71 d.; 33 - AP ¶ 59; 34 - AP ¶ 60; 35 - AP ¶ 62; 36 - AP ¶ 63; 37 - AP ¶ 12; 38 - AP ¶ 15; 39 - AP ¶ 15; and, 40 - AP ¶ 16.

has also not sustained his burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

His brief at 31-34 adduces no new evidence but cites state court pleadings that the Montana Supreme Court reviewed.  Smith clearly had some consideration on his judicial bias fact assertions in a state court of competent jurisdiction.  Both Smith and the State were before that court.  Smith does not contest this, nor does he properly assert that the findings are somehow due less respect in the federal courts than are findings of state trial or appellate courts.  Rather, he merely repeatedly asserts, in mantra-like fashion, that the state court "refused to allow the Petitioner to bring it before it in his appeal" was thus denied an opportunity to develop facts.  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 32.)  He admits, however, that he was given some opportunity to be heard and concedes that the Montana Supreme Court did examine his preliminary evidence of judicial bias.  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 31.)

Apparently, Smith complains the factual development he requested (which was not afforded him because of his own procedural default) was inadequate factual development.  Smith's citation in his brief, at 32, to the state court record (State Ex. 128-130) for the contention that the Montana Supreme Court made its own *ex parte* communication is not borne out by the record and appears to be pure speculation.  Smith's claims are speculative and conclusory at best and cannot establish a challenge to presumptively correct state court findings.  Mere disagreement with the state court's decision cannot establish a § 2254(d) exception.  See <u>Brooks v. Kincheloe</u>, 848 F.2d

940, 944 (9th Cir. 1988) (stating mere conclusory statements offered by petitioner do not satisfy the very high standard that Brooks must meet in challenging the state court findings); see also Germany v. Estelle, 639 F.2d 1301, 1304 (5th Cir. 1981) (rejecting petitioner's mere assertion the state court's factual findings "(miss) the point of Petitioner's claim" as providing any basis for establishing convincing evidence of a § 2254(d) exception).

It is evident that Smith has had full and fair state court opportunities, of which he did not properly take advantage, to explore the facts of his judicial bias claim.  A competent state court has made explicit factual findings adverse to him.  The "interest in federalism recognized by Congress in enacting 2254(d) requires deference by federal courts to factual determinations of all state courts."  Sumner, 101 S. Ct. at 764.  None of § 2254(d)'s exceptions apply here with respect to any factual finding, and thus this Court should properly accord the state courts this deference.  See Germany, 639 F.2d at 1304.

Because the state factual findings regarding Smith's default are presumptively correct, and he has not overcome the presumption by clear and convincing evidence, he cannot claim a factual controversy exists about his state default.  Consequently, as the nonmoving party to a summary judgment motion who cannot show that evidence exists creating a genuine issue of material fact, Celotex Corp., 477 U.S. at 323-25, Respondent's motion for summary judgment must be granted.

### 3. Smith's Remaining Responses to Respondent's Motion for Summary Judgment Mostly Repeat the Same Previously Discussed Errors.

In most of his discussions of his claims, Smith repeats the same error, more fully discussed above, of fabricating fact disputes on summary judgment, *ipse dixit*. As examples only, Smith states his Claim 7 simply has an "exclusively fact-based nature" and Claim 12 has a "factual nature," rendering them unsuitable for summary judgment. (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 30, 37.) Also, by advancing his mere disagreements with the state findings, Smith fails to recognize his habeas-mandated burden of clearly and convincingly overcoming presumptively correct state court factfindings. Even if for argument's sake this Court were to find that Smith's discussion of any claim presented a close call factually, deference to state court findings under § 2254(d) "requires that a federal court more than simply disagree with the state court before rejecting its factual determinations." Krantz v. Briggs, 983 F.2d 961 (9th Cir. 1993). Instead, this Court must conclude that the state court's findings lack even 'fair support' in the record." Id. (quoting Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Under this deferential standard, Smith's challenges to the state court findings must fail as Respondent has established in his brief in support of his motion for summary judgment that the factual findings of the state courts are methodically and conscientiously grounded in the record.

Smith attempts to defend against summary judgment on Claims 2 and 13 by arguing: 1) that the Ninth Circuit declared in Smith v. McCormick, that any possible mention of Dr. Stratford is a *per se* constitutional violation; and, 2) by citing State v.

Stedman, 2001 MT 150, 306 Mont. 65, 30 P.3d 353, to show the Montana Supreme Court has been "drastically" inconsistent with the same Smith v. McCormick issue. (See Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 19-21, 42.)  First, the Ninth Circuit's Smith v. McCormick opinion, which certainly speaks for itself, posits no such *per se* constitutional violation declaration, express or implied.  Also, as one swallow does not make a summer, the one ruling contained in Stedman hardly establishes inconsistent treatment.  In any event, Stedman is wholly distinguishable based on the existence of several critical facts Smith has conveniently omitted from his quotation in his brief.  (See Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 21.)  An unexpurgated review of Stedman shows Smith has omitted a portion of a quoted sentence showing affirmative evidence, which has not been shown here, that the trial court in that case directly utilized barred evidence from a previous proceeding. Stedman, ¶ 9.

In his discussion of Claims 4 and 11, Smith apparently attempts to improperly add a new claim to his amended petition.  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 25, "Petitioner's claims reach beyond this [Lackey/McKenzie] issue and although they are couched in terms of Eighth and Fourteenth Amendments, as well as others, it is the failure of **the entire process** as evidenced by the actions of those who have been charged with providing the Petitioner with due process that constitutes the gravaman of the petitioner's claims") (emphasis in original); see Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (habeas claim was not properly raised in the district court when it was raised for the first time in petitioner's traverse).

Further, the above claim was not fairly presented to the state court, is unexhausted, and is now procedurally defaulted. Even if it had been fairly presented, such a generalized expression as "failure of the entire process" upon which Smith bases the gravaman of his new claim is too broad and conculsory to present a federal claim. Gray v. Netherland, 518 U.S. 152, 163 (1996); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). Also, Smith's citation to concurring comment by Justice Leaphart does not afford authority for Smith's position as he believes. See Smith III, 931 P.2d 1272, 1281-82, 1287 (1996) (Leaphart, J., concurring, "In the final analysis, I must err on the side of affording the defendant his due process and appellate review, as lengthy as that process may be."). To the extent Respondent has not otherwise expressly replied here to Smith's remaining responses to Respondent's summary judgment assertions, Respondent relies on his replies to Smith's cross-motion for summary judgment, more fully addressed, *infra*, and on Respondent's briefing previously submitted.

IV.  **IN HIS CROSS-MOTION FOR SUMMARY JUDGMENT, SMITH DOES NOT ASSERT ANY GENUINE ISSUE OF MATERIAL FACT. FURTHER, SMITH IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW. THEREFORE, SMITH'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE DENIED.**

A.  **Claim 3: Smith's Failure to Brief His Cross-Motion for Summary Judgment on Claim 3 Effects a Summary Ruling Against Him on This Ground.**

Local Rule 7.1(i) of the Local Rules for the United States District Court for the District of Montana provides that, "failure to file briefs within the prescribed time may

subject any motion to summary ruling.  Here, Smith moves for summary judgment in his brief on his claims "2, 3, 5, 13, 14 and 16."  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 41.)  On his Claim 3, however, nowhere does Smith direct any summary judgment grounds or argument, much less provide any supporting authorities or citations to the record.  Consequently, Smith's cross-motion for summary judgment on Claim 3 fails *ab initio* and should be summarily dismissed.  In any event, as argued in Respondent's opening brief, Claim 3 is procedurally barred and thus not available for habeas review.

> **B.     Claims 2, 13, and 14:  Smith Rests Upon the Mere Allegations or Denials of His Pleading and Has Failed to Set Forth Specific Admissible Evidence Showing He Is Entitled to Relief as a Matter of Law.**

Respondent moved for summary judgment on Claims 2, 13, and 14 supported by exhibits and documents for the state court record. (Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 17-20, 57-59.)  When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 n.3 (1986).  If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against him.  Id.

Smith's Claims 2, 13 and 14 contend with the Montana Supreme Court's factual finding that the sentencing court did not rely upon the reports and testimony of

Dr. Stratford in reaching its decision but that the reference to Dr. Stratford's report in the sentencing court's finding number 20 was a mere "historical reference." (State's Ex. 92; Smith III, 931 P.2d at 1281.)  Respondent has asserted in its summary judgment motion that that this finding is entitled to the presumption of correctness under 28 U.S.C. § 2254(d) and that therefore there can be no material, issue of fact. (See Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 57); see 6 James W. Moore et al., Moore's Federal Practice, ¶ 56.15(3) (2nd ed. 1983) (stating that the essence of summary judgment is the absence of a triable, material, issue of fact).

Smith responds to Respondent's summary judgment motion by asserting mere denials of fact and by launching his own summary judgment motion on these claims. The problem with Smith's position is that he has adduced no proof at all.  He has not alleged anything to overcome the presumptively correct state court finding on the status of Dr. Stratford's report.  His brief correctly cites the grounds by which a habeas petitioner can overcome to a presumption of correctness under § 2254(d) by proving that the state court proceeding was flawed for one of the reasons set forth at § 2254(d)(1) to (7). (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 15-16) (citing Sumner v. Mata, 449 U.S. 539 (1981).  However, Smith never assumes the burden of actually alleging, much less proving, an exception under § 2254(d)(1) to (7) with regard to Claims 2, 13, and 14.  His efforts in alleging an § 2254(d)(1) to (7) exception relate exclusively to Claim 8 regarding supposed ex parte comments by the sentencing judge to the media.  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 31).

Smith has failed to overcome this presumption by showing that the state court record does not fairly support this factual determination.  See Ruff v. Kincheloe, 843 F.2d 1240, 1242 (9th Cir. 1988) (noting that petitioner carries the burden of production when challenging trial court's factual determination).  Respondent has demonstrated that the state court record supports the factual findings of the state court.  (Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 17-19, 57.)  Smith failed to raise any new facts to overcome "the presumption of correctness that attaches to the state court's decision."  He has not demonstrated that the state court proceeding was deficient, nor has Smith presented by convincing evidence to overcome the trial court's determination.  See 28 U.S.C. § 2254 (d)(1) to (7); Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir. 1990); Kennick v. Superior Court of California, 736 F.2d 1277, 1280-81 (9th Cir. 1984) (stating a presumption of correctness applies to both state trial court and appellate court findings of fact and may only be overcome by "convincing evidence").  Smith only relies on the same speculative assertions about the effect of his prior death sentences on the sentencing judge that the state court heard and properly rejected.  (State's Ex. 98; Smith III, 931 P.2d at 1287, "Absent proof to the contrary, the trial judge in a capital case must be presumed to be able to focus on the relevant sentencing factors and to set aside the irrelevant, the inflammatory, and the emotional factors.") (citing State v. Beaty, 762 P.2d 519, 531 (Ariz. 1988).

Smith also relies on rhetorical characterizations that the state court finding on "historical reference" is "suspect", "defying comprehension," "erroneous," and "harping."  (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 20, 22, 41.)  Attaching

rhetorical labels to presumptively correct state court findings hardly constitutes evidence, much less clear, convincing evidence required to overcome presumptively correct findings. In summary judgment, absence of proof of an essential element for a plaintiff renders all other facts immaterial. Celotex, 477 U.S. at 322-23. Because no genuine issue of fact exists, Respondent is entitled to judgment as a matter of law.

Finally, Respondent relies on his previous briefing to refute Smith's argument that the Smith v. McCormick decision had the effect of tainting *per se* any possible mention of the Stratford report in future sentencing proceedings. (Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 20.) Smith has simply misread the Smith v. McCormick opinion. Having failed to overcome the presumption that attaches to the state court finding underlying his Claims 2, 13 and 14, Smith's cross-motion for summary judgment as to those claims must be denied, and Respondent's motion for summary judgment must be granted.

### C. Claims 5 and 16:  Smith Reformulates His Claims in an Attempt to Circumvent Summary Judgment Against Him.

Smith concedes in his brief (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 27 n.5) that the main authority upon which he says his cross-motion claims 5 and 16 rely, Ring v. Arizona, 536 U.S. 584 (2002), was declared nonretroactive in Schriro v. Summerlin, 542 U.S. 348 (2004). Smith insists, however, that the Supreme Court made retroactive pronouncements in a companion case, Blakely v. Washington, 542 U.S. 296 (2004) (invalidating state sentencing guidelines that increased a defendant's sentence based on facts found by a judge by a mere preponderance of the