evidence). (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 27 n.5.) Blakely, Smith contends, thus affords him relief on his Claims 5 and 16. Id. at 28.

Smith's argument fails for four reasons: 1) Smith has reformulated Claims 5 and 16 from what he pled in his Amended Petition; 2) even if these new claims were properly before this Court, Smith's assertions were never fairly presented to the state courts and, as such, are procedurally barred; 3) even if not procedurally barred, the new claims seek the application of a "new rule" on collateral review in violation of Teague v. Lane, 489 U.S. 288, 310 (1989); and, 4) in any event, Blakely v. Washington, is inapposite to Smith's case.

### 1. This Court Should Not Consider New Legal Theories Unsupported by the Allegations Contained in a Habeas Petitioner's Petition.

#### a. Smith recasts Claims 5 and 16 to circumvent the State's request for summary judgment.

A habeas petitioner should not be allowed to raise a new claim in response to a summary judgment motion. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that a plaintiff could not raise a new claim in response to a summary judgment motion); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp. 2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion.").

Here, Smith seeks summary relief on claims not appearing in his amended petition. For the first time, he asserts in his cross-motion that his Claims 5 and 16 address "the whole enterprise of judicial fact finding and burden of proof within the

framework of the Montana death penalty statutes." (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 42.) More specifically, Smith's new legal claim, relying on Blakely v. Washington, attacks Montana's factfinding processes beyond the findings of the aggravating circumstances that made Smith eligible for the death sentence. (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 27.) Smith believes his sentence could not be imposed on this finding alone absent additional factfinding at a sentencing hearing. Id. at 27-28. A review of the Amended Petition shows Smith's allegations of fact and law under his Claims 5 and 16 are directly at odds with this assertion. (Am. Pet. at 23, ¶ 78; Am. Pet. at 37, ¶ 111.)

The facts and law Smith alleged under Amended Petition Claim 5 (Am. Pet. at 23-24, ¶ 78-79) do not remotely allude to the cross-motion allegation regarding factfindings beyond the findings of the aggravating circumstances. (Pet'r Br. Resp. Resp't Mot. Dismiss & Summ. J. at 27, 42.) Amended Petition Claim 16 asserts grounds based on the application of principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) as it related exclusively to the burden of proof, the establishment of aggravating circumstances, and in the weighing process of aggravators against mitigators. (Am. Pet. at 38, ¶ 112 c. – e.) Tellingly, nowhere in Smith's cross-motion does he give the Respondent or this Court any clue about which facts Judge Larson found that violate Blakely.

### b. Smith should not be allowed at summary judgment stage in this proceeding to amend his claims.

A court should avoid dismissal unless it "is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). As this Circuit and others have noted, "Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." Morris v. United States District Court (In re Morris), 363 F.3d 891, 893 (9th Cir. 2004). Civil Rule 15(a) gives habeas corpus petitioners, like other civil complainants, the right to amend the petition once without leave of the court "at any time before [the state files] a responsive pleading." Fed. R. Civ. P. 15(a); see, e.g., Willis v. Collins, 989 F.2d 187, 189 (5th Cir. 1993) (petitioner's written objection to state's motion to dismiss deemed timely amendment of petition under Fed. R. Civ. P. 15(a) because "party may amend a pleading at any time before a responsive pleading is served . . . the government's motion [to dismiss for lack of jurisdiction] was not a responsive pleading"). After the petitioner files one preanswer amendment or the respondent submits an answer or other responsive pleading, Civil Rule 15 permits amendment "by leave of court or by written consent of the adverse party." Before the district court can amend the petition, of course, the Petitioner must actually seek leave to amend. Morris, 363 F.3d at 894.

Here, neither before nor after Respondent filed his answer did Smith request leave to file an amendment to his Amended Petition. Instead, Smith attempts to introduce new claims in his cross-motion and opposition to the State's motion for

summary judgment. Smith is certainly entitled to continue testing the validity of his otherwise final state convictions by now proceeding in federal court. But the law requires Smith to bring all of the claims about which he clearly possesses the facts and legal theories in his habeas petition. See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (finding that petitioner's claims in the amended petition "were not overly technical and he could have easily included them in his original [petition]"). Smith should not be allowed to circumvent summary judgment at this stage in the litigation by being permitted to amend his claims. Schlacter-Jones v. General Tel., 936 F.2d 435, 435 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### c. Smith should not be heard to reply that his Amended Petition claims should be liberally construed.

Neither should Smith be heard to reply that the liberal construction doctrine applies to his pleaded claims. When a habeas petition has been written by a *pro se* prisoner, the petition is understandably given the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972) (technical deficiencies in pro se pleadings more readily overlooked than similar deficiencies in papers prepared by a lawyer). When counsel has written a habeas petition, however, a court should be able to attach ordinary legal significance to the words used in that document. See Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003). More stringent standards thus attend formal pleadings drafted by lawyers. See Haines, 404 U.S. 519, 520-21 (stating a

complaint by a pro se plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers"). The liberal construction doctrine is inapposite here since counsel drafted Smith's petition. Because this case has already reached the summary judgment stage, and because Smith has not sought properly to add new claims, this Court should deny any request by Smith to amend his claims and should refuse to consider the new claims expressed in Smith's cross-motion.

### 2. Smith's Assertions Were Never Fairly Presented to the State Courts and as Such Are Procedurally Barred.

In the event this Court decides Smith's cross-motion assertions on Claims 5 and 16 present new claims, Smith has not presented them to the State courts and thus they are procedurally barred. Duncan v. Henry, 513 U.S. at 366 (the precise federal claim must have also been presented to the state court); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended at 247 F.3d 904 ("Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law"); Hiivala v. Wood, 195 F.3d at 1106-07 (petitioner's claim was procedurally barred because he failed to exhaust it by fairly presenting it as a federal claim in state court proceedings); Johnson v. Zenon, 88 F.3d at 830-31 (the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is). In the event this Court decides Smith's cross-motion assertions on Claims 5 and 16 do not present new claims, then Respondent reasserts

that Claims 5 and 16 are barred from review by this Court for the reasons stated in Respondent's briefing previously submitted regarding these claims. (Resp't Mem. Supp. Mot. Dismiss & Summ. J. at 15-16, 31-32.)

### 3. Even if Not Procedurally Barred, Smith's New Claims Seek the Application of a "New Rule" on Collateral Review in Violation of Non-Retroactivity Rules.

Assuming for argument's sake that this Court deems Smith's cross-motion on Claims 5 and 16 to be properly before it, Smith's retroactivity claim is patently wrong. In order to avoid dismissal of his cross-motion, Smith asserts Blakely should be deemed retroactive suggesting it established a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2524-26 (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990) and Teague, 489 U.S. at 311). The United States Supreme Court noted that under federal habeas law, "the Supreme Court is the only entity that can 'make' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Court went on to note that the only way it could make a rule retroactively applicable is through a "holding" to that effect. Id. "The Supreme Court does not 'make' a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts." Id.; see also id. at 666 ("The most [Tyler] can claim is that, based on the principles outlined in Teague, this Court should make Cage [v. Louisiana, 498 U.S. 39, 112 L. Ed. 2d 339, 111 S. Ct. 328 (1990) (per

curiam)] retroactive to cases on collateral review.  What is clear, however, is that we have not 'made' Cage retroactive to cases on collateral review.").

Nowhere in Blakely did the Supreme Court "make" Blakely retroactive.  In fact it strongly implied otherwise by expressly limiting its decision to the sentences imposed since Apprendi was decided in 2000.  See Blakely, 542 U.S. at 323 ("[D]espite the fact that we hold in Schriro v Summerlin, [citation omitted] that Ring (and a fortiori Apprendi) does not apply retroactively on habeas review, all criminal sentences imposed under the federal and state guidelines since Apprendi was decided in 2000 arguably remain open to collateral attack); see also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (relying on Schriro for the proposition that the "Supreme Court has strongly implied that Blakely is not to be applied retroactively").  The Ninth Circuit has ruled Blakely is nonretroactive.  See Cook v. United States, 386 F.3d 949 (9th Cir. 2004); Schardt v. Payne, 414 F.3d 1025((9th Cir. 2005) (Blakely could not be applied retroactively on collateral review to decision that was final before Blakely was decided); Bockting v. Bayer, 418 F.3d 1055, 1057 (9th Cir. 2005).  In the present case, Smith's direct appeal was final prior to the issuance of the Blakely decision in June of 2004.

### 4.     In any event, Blakely is inapposite to Smith's case.

Blakely requires that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 2536.  The fact that Smith now questions the accuracy of the judicially-found facts, beyond the aggravators

found which rendered him legible for the death penalty, does not change the fact in

Blakely the Court simply applied the rule set forth in Apprendi.  The following

language from Blakely supports this assertion:

> This case requires us to apply the rule we expressed in Apprendi . . . :
>
> . . . In Ring v. Arizona . . . we applied Apprendi to an Arizona law that authorized the death penalty if the judge found one of ten aggravating factors.
>    . . . .
> Our commitment to Apprendi in this context reflects not just respect for longstanding precedent, but the need to give intelligible content to the right of jury trial.
>    . . . .
> Those who would reject Apprendi are resigned to one of two alternatives.

Blakely, 124 S. Ct. at 2536-39.

Respondent reasserts and incorporates herein by reference its briefing from

Respondent's Memorandum in Support of Motion to Dismiss and Summary Judgment

(at 61-66) where he argues the principles of Apprendi are not implicated here.  Among

other reasons, Smith, not the trial judge, determined the increases for the penalties of

his crimes beyond the prescribed statutory maximums when he stipulated, orally and

in writing, to the existence of each aggravating circumstance.  (See State's Ex. 16, 19,

23, 26; Finds. Concls. Order & J. at 15, ¶ 3 b.; 18, ¶ 7 a.; 22, ¶ 3 b.; 25, ¶ 7 a.); see

United States v. Booker, 125 S. Ct. 738 (2005) ("Accordingly, we reaffirm our holding

in Apprendi:  Any fact (other than a prior conviction) which is necessary to support a

sentence exceeding the maximum authorized by the facts established by a plea of

guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt."). Smith's cross-motion for summary judgment on claims 5 and 16 must be denied, and Respondent's motion for summary judgment must be granted.

## V. CONCLUSION

This Court should reject Smith's attempts to evade application of the procedural default bar by wrongly summarizing the applicable law governing the proper timely presentation of claims in state court. Smith has neither alleged nor established cause and prejudice or his actual innocence to excuse his procedural defaults and so this Court should grant Respondent's motion to dismiss.

This Court should also agree with the state courts' underlying factual determinations. All of Smith's allegations he presents in an attempt to meet his summary judgment burden are based entirely on the state court record. He also re-presents his Amended Petition allegations and claims, either slightly rephrased or expressly re-adopted. Smith's judicial bias discussion is the only argument in Smith's brief that alleges any § 2254(d)(1) to (7) exception to presumptively correct state court findings. This allegation, which is also procedurally barred, fails. Since Smith makes no other attempt to rebut presumptively correct state court finds, he has not established a lawful factual dispute, and he cannot meet his summary judgment or federal habeas burdens. In his cross-motion for summary judgment, Smith does not assert any genuine issue of material fact, and he is not entitled to judgment as a matter of law.

In sum, as set forth above, and in Respondent's motion for summary judgment, Respondent's statement of uncontroverted facts, and Respondent's brief in support of

motion for summary judgment, Respondent is entitled to judgment as a matter of law. Respondent's motion for summary judgment must be granted and Smith's cross-motion for summary judgment must be denied. The amended habeas petition in its entirety must be denied.

  Respectfully submitted this 22nd day of March, 2006.

           MIKE McGRATH
           Montana Attorney General
           215 North Sanders
           P.O. Box 201401
           Helena, MT 59620-1401

           By: /s/ C. MARK FOWLER
             C. MARK FOWLER
             Assistant Attorney General
             Attorney for Respondent

# **CERTIFICATE OF SERVICE**

I hereby certify that on <u>March 22, 2006</u>, an accurate copy of the foregoing Respondent's Reply to Petitioner's Brief in Response to Motions to Dismiss and for Summary Judgment and Petitioner's Cross-Motion for Summary Judgment was served on the following persons by the following means:

  2      CM/ECF
  1      Mail
  2      E-mail

    1    Mr. Gregory A. Jackson
        Attorney at Law
        320 Eleventh Avenue
        Helena, MT 59601

    2    Mr. Don Vernay
        Attorney at Law
        1604 Golf Course Road SE
        Rio Rancho, NM 87124

DATED: <u>March 22, 2006</u>          /s/ C. MARK FOWLER
                                                        C. MARK FOWLER