GREGORY A. JACKSON
320 11th Ave.
Helena, MT 59620
Phone:   406-443-2140

DON VERNAY
1604 Golf Course Road SE
Rio Rancho, NM 87124
Phone: 505-892-2766

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RONALD ALLEN SMITH, | |
| Petitioner, | Cause No. CV-86-198-M-CCL |
| -vs- | |
| MIKE MAHONEY, warden, Montan State Prison, | MOTION TO ALTER OR AMEND JUDGEMENT |
| Respondent. | |

COMES NOW the Petitioner in the above captioned cause, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 59(e) respectfully requests this Court to issue an order amending its order and judgement of dismissal and granting the Petitioner relief on  claims 3, 8 and 16 as  set forth herein .

The basis for this motion is as follows:

**INTRODUCTION**

The factual and procedural background preceding the filing of the Petitioner's Amended Writ of Habeas Corpus challenging the sentence of death imposed by the Eleventh

MOTION TO ALTER OR AMEND JUDGEMENT
Page 1

Judicial District Court of the State of Montana on September 19, 1995 is set forth in the Court's Opinion and Order of March 20, 2007 at pages 1-6 (hereinafter Opinion), Respondent's Statement of Uncontroverted Facts, in ¶¶ 1-65 of the Amended Petition and § I of the Answer filed by the Respondent.

On February 1, 2002 the Petitioner filed an Amended Petition for Writ of Habeas Corpus setting forth sixteen claims for relief. On October 1, 2003 the Respondent filed its Answer, accompanied by approximately 1,250 pages of exhibits. Pursuant to stipulation of the parties, the aforesaid exhibits were returned to counsel for the State of Montana so they could be Bates numbered for easier reference by the Court and the parties.

Pursuant to the briefing schedule set by the Court, on July 28, 2003 the Respondent filed a Motion to Dismiss and for Summary Judgement and 67 page supporting memorandum, claiming *inter alia* that the Petitioner has failed to exhaust certain claims and portions of other claims and that no issues of material fact exist with respect to the remaining claims and that the Respondent is therefore entitled to judgment as a matter of law. On January 5, 2006 the Petitioner filed his Response and also moved for summary judgement on certain of the claims in the petition.

On October 18, 2006 the Court heard arguments from the parties on their respective motions and on March 22, 2007 the Court issued its Opinion and Order granting the Respondent's motions to dismiss and for summary judgment and denying the Petitioner's cross motion for summary judgment.

**DISCUSSION**

**Claim 3 of the Amended Petition.**

In its opinion denying Claim 3 of the amended petition the Court states that "Smith caused the delay about which he complains. . . .[and] has no basis to complain of the delay he has caused and by which he benefits." Opinion at 23. Although the Montana Supreme

Court did deny the Petitioner's claim, counsel would respectfully direct the Court's attention to Justice Leaphart's concurring opinion, which states that:

> **In reviewing the amount of time that a defendant has spent on death row, a distinction should be drawn between the passage of time due to the mere filing of appeals and petitions and the passage of time attributable to the State's inability to impose the sentence in accordance with requirements of due process.** In other words, it is not sufficient to attribute the delay to our "standards of decency." That suggests that we, as a society, out of a sense of decency, have provided defendants with a procedure whereby they can challenge their sentences and, if they choose to do so, they must live with the resulting delay. Such a rationale places all the blame for the delay at the feet of the defendant. This blame is misplaced, however, in a case such as this wherein the defendant has not only filed appeals, but has been successful in his federal court appeals. His success points to the fact that the blame properly rests with the State or the courts for having failed to appoint an independent psychiatrist and then having failed to prepare a new presentence investigation.
>
> When a defendant is successful in his appeals, it cannot fairly be said that he is merely filing frivolous appeals in order to buy time. Rather, **it raises more serious questions as to how long a defendant can be expected to languish on death row while the State and the trial courts are afforded repeated opportunities to comply with due process.**

*State v. Smith,* 280 Mont. 158, 190, 931 P.2d 1272, 1291 (1996) (Leaphart, J. concurring) (*emphasis supplied*).

Thus, although the Petitioner technically caused the delays of which he complains, the fault lies directly at the feet of the State of Montana. The Petitioner would therefore respectfully request that the Court amend its judgment on this claim and enter judgment in favor of the Petitioner.

**Claim 8 of the Amended Petition.**

With respect to Claim 8 of the amended petition, the Court cites the language of the Montana Supreme Court's opinion addressing this matter in its denial of this claim. Opinion at 38. It is respectfully submitted, however, that the Petitioner's claim went beyond the simple matter of what was printed in these newspaper articles, *i.e.*, the Petitioner requested a hearing so the number and extent of Judge Larson's contacts with the media and other outside sources could be ascertained. The Petitioner attempted to do this in his motion to

1 supplement the record and in his state petition for postconviction relief, but was consistently
2 rebuffed by the Montana courts, the result of which is that he has not been given a fair and
3 full opportunity to develop this claim. *See* Petitioner's Brief in Response to Respondent's
4 Motions to Dismiss and for Summary Judgement at 30-35.

5 As the Petitioner noted in his brief, the facts surrounding Judge Larson's actions
6 warranted further investigation and development and the Petitioner would therefore
7 respectfully request that the Court amend the judgement on this claim and set the matter for
8 discovery and an evidentiary hearing.

**Claim 16 of the Amended Petition.**

10 In denying relief on Petitioner's claim 16 of the amended petition, the Court addresses
11 the claim within the context of *Ring v. Arizona*, 536 U.S. 584 (2002), stating that (a) the
12 Petitioner gave up his right to a jury determination when he entered a plea of guilty to the
13 offenses which constituted the statutory aggravator, *i.e.,* aggravated kidnapping and
14 homicide; and (b) that the United States Supreme Court has found that *Ring v. Arizona* was
15 not to be applied retroactively to cases in which the direct appeal had already been decided
16 and therefore was not applicable to the Petitioner's case. Opinion at 47-48.

17 It is respectfully submitted, however, that the gravamen of the Petitioner's claim is
18 based upon the decision of the United States Supreme Court in *Blakely v. Washington,* 542
19 U.S. 296, 124 S. Ct. 2531*, rehearing denied* 542 U.S. 961, 125 S. Ct. 21 (2004) which
20 broadened its holding in *Ring v. Arizona* to **any fact** which could result in an increased
21 sentence. As the *Blakely* Court noted:

> Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi*), one of several specified facts (as in *Ring*), or *any* aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.

*Id.* at 305, 124 S. Ct. at 2538 (*emphasis in original).*

MOTION TO ALTER OR AMEND JUDGEMENT
Page 4

1  Thus, the whole enterprise of judicial fact finding within the context of the sentencing
2  process has been voided by the *Blakely* holding, making Montana's sentencing process in
3  which the judge makes specific findings of fact pertaining to non-statutory aggravators
4  clearly unconstitutional.

5  Further, as the Petitioner noted in his brief, because of the breadth of the *Blakely*
6  holding, it constitutes a watershed rule of criminal procedure and is therefore retroactive. *See*
7  Petitioner's Brief in Response to Respondent's Motions to Dismiss and for Summary
8  Judgement at 39-42.

9  It is therefore respectfully requested that the Court amend its judgment on Claim 16
10  and enter judgement in favor of the Petitioner on this claim.

## CONCLUSION

12  Based upon the foregoing discussion, counsel for the Petitioner respectfully submits
13  and concludes that his Motion to Alter or Amend Judgement on Claims 3, 8 and 16 of the
14  Amended Petition for habeas Corpus be granted.

15  Respectfully submitted this 31st day of March, 2007.

*Don Vernay*
Donald Vernay
1604 Golf Course Road SE
Rio Rancho, NM 87124
(505) 892-2766
(505) 892-8119 (fax)
minimal243@yahoo.com
Counsel for Ronald Allen Smith