MIKE McGRATH
Montana Attorney General
C. MARK FOWLER
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Telephone:  (406) 444-2026
Fax:  (406) 444-3549

COUNSEL FOR RESPONDENT


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RONALD ALLEN SMITH, | ) | Cause No. CV 86-198-M-CCL |
| | ) | |
| Petitioner, | ) | |
| | ) | **RESPONSE IN OPPOSITION TO** |
| v. | ) | **PETITIONER'S MOTION FOR** |
| | ) | **CERTIFICATE OF** |
| MICHAEL MAHONEY, Warden, | ) | **APPEALABILITY** |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Attorney General of the State of Montana, on behalf of Respondent

Michael Mahoney, submits the following response in opposition to Petitioner

Ronald Allen Smith's motion for certificate of appealability (COA).[1]

## STANDARDS FOR ISSUANCE OF
## A CERTIFICATE OF APPEALABILITY

Smith must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability (COA).  28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  "[Smith] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484; see also Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).  To meet this threshold inquiry, Smith "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are "adequate to deserve encouragement to proceed further."  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000); Slack, 529 U.S. at 484, quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."  Miller-El, 537 U.S. at 336. However, this should not be misconstrued to direct that a COA must always issue. Indeed, Smith seeking a COA must prove "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  Miler-El, 537 U.S. at 338, quoting Barefoot v. Estelle, 463 U.S. at 893.

---

[1]  By a remark entry filed 5/21/2007 at 2:40 p.m. MDT, the clerk's office changed the event type of Smith's notice of appeal to a "motion for certificate of appealability" in order to appear correctly on the motions report.

Lastly, when a district court denies a habeas claims on procedural grounds without reaching the petitioner's underlying constitutional claim, in order to obtain a COA, a petitioner has the double burden of showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  See Slack, 529 U.S. at 484.

## DISCUSSION

Smith rests his COA request on his assertion that "virtually all of the claims set forth in the Amended Petition for Habeas Corpus . . . . are clearly debatable among jurists of reason."  (Mot. for COA at 3.)  To be entitled to a COA, while Smith is not required to demonstrate that his appeal will succeed or to discuss the full "factual or legal bases adduced in support of the claims," Miller-El, at 336, he cannot meet his COA burden by resting on a conclusory statement that almost all claims are debatable.  Again, he must "*prove* something more than the absence of frivolity or the existence of mere good faith."  Id., at 338 (emphasis supplied.)

Except for consideration of three claims, Smith on all other claims fails completely to meet his burden of showing "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.  He relies on good faith by alleging 20 years he has been litigating his claims. (Mot. for COA at 3.)  Further, his vague "virtually all" assertion leaves this Court to guess which claims Smith believes are debatable and which are, by Smith's own

inference, frivolous.  This Court should summarily deny COA on his undiscussed claims.

As to his assertions on three claims in his Motion for a COA, Smith simply rehashes the same arguments he made before in this Court, which correctly rejected them.  Also, Smith argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), which were decided after his death sentence conviction became final, the state trial court erred in not having a jury make the necessary findings of fact for the imposition of a sentence of death, specifically those facts pertaining to the aggravating and mitigating factors necessary for imposing a death sentence.  Smith's argument, however, is foreclosed by Reynolds v. Cambra, 290 F.3d 1029, 1030 (9th Cir. 2002), in which the Ninth Circuit held that Apprendi does not apply retroactively to cases on collateral review, and by Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005), in which the same court held that Blakely does not apply retroactively to cases on collateral review.   This Court therefore properly rejected this argument.  Finally, this Court granted Respondent's Motion to Dismiss that rested on procedural grounds.  Smith completely fails to meet his additional burden of showing this Court's conclusions in its procedural rulings were wrong or debatable.  See Slack, 529 U.S. at 484.

## CONCLUSION

This Court should deny Smith's motion for a COA because he has failed to make a substantial showing of the denial of a constitutional right.  Smith has failed to

make any legal or factual showing that this Court's assessments of the constitutional

claims are debatable or wrong.

Respectfully submitted this 2nd day of June, 2007.

MIKE McGRATH
Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

By: /s/ C. MARK FOWLER
C. MARK FOWLER
Assistant Attorney General
Attorney for Respondent

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2007, an accurate copy of the foregoing

Response in Opposition to Petitioner's Motion for Certificate of Appealability was

served on the following persons by the following means:

  1, 3    CM/ECF
  2        Mail

       1      Clerk, U.S. District Court

       2      Mr. Gregory A. Jackson
                 Attorney at Law
                 320 Eleventh Avenue
                 Helena, MT 59601

       3      Mr. Don Vernay
                 Attorney at Law
                 1604 Golf Course Road SE
                 Rio Rancho, NM 87124

DATED:  June 2, 2007                          /s/ C. MARK FOWLER
                                            C. MARK FOWLER
                                          Assistant Attorney General
                                          P.O. Box 201401
                                          Helena, MT 59620-1401
                                          Attorney for Respondent