GREGORY A. JACKSON
320 11th Ave.
Helena, MT 59620
Phone:   406-443-2140

DON VERNAY
1604 Golf Course Road SE
Rio Rancho, NM 87124
Phone: 505-892-2766

Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| RONALD ALLEN SMITH,<br><br>            Petitioner,<br><br>    -vs-<br><br>MIKE MAHONEY, warden,<br>Montan State Prison,<br><br>            Respondent. | Cause No. CV-86-198-M-CCL<br><br>NOTICE OF APPEAL AND REQUEST FOR<br>CERTIFICATE OF APPEALABILITY |

COMES NOW the Petitioner in the above captioned cause, by and through undersigned counsel, and files his notice of appeal from the final judgment dismissing this case entered by this Court on March 20, 2007 and the Court's subsequent Order dated April 24, 2007 denying the Petitioner's Rule 59(e) Motion to Amend or Alter Judgment.

The Petitioner also respectfully requests that this Court issue a Certificate of Appealability on all claims in the Petitioner's Amended Petition for habeas Corpus dismissed and/or denied by this Court.

### Standards for the Issuance of a Certificate of Appealability

1          The standards for issuing a Certificate of Appealability were clarified by the United

2    States Supreme Court in *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029 (2003). 28

3    U.S.C. Sec. 2253 mandates that Mr. Smith demonstrate a substantial showing of a denial of

4    a constitutional right. Mr. Smith must show both that "jurists of reason would find it

5    debatable whether the petition states a valid claim of the denial of a constitutional right and

6    that jurists of reason would find it debatable whether the district court was correct in its

7    ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

8          As the *Miller-El* Court noted:

9               This threshold inquiry does not require full consideration of the factual
10              or legal bases adduced in support of the claims. In fact, the statute
                forbids it. When a court of appeals side steps this process by first
11              deciding the merits of an appeal, and then justifying its denial of a COA
                based on its adjudication of the actual merits, it is in essence deciding
12              an appeal without jurisdiction.

13
                To that end, our opinion in *Slack* held that a COA does not require a
14              showing that the appeal will succeed. Accordingly, a court of appeals
15              should not decline the application for a COA merely because it believes
                the applicant will not demonstrate an entitlement to relief. The holding
16              in *Slack* would mean very little if appellate review were denied because
                the prisoner did not convince a judge, or, for that matter, three judges,
17              that he or she would prevail. It is consistent with § 2253 that a COA
18              will issue in some instances where there is no certainty of ultimate
                relief. After all, when a COA is sought, the whole premise is that the
19              prisoner "'has already failed in that endeavor.'" (citation omitted).
20              .   .   .
                        A prisoner seeking a COA must prove "'something more
21              than the absence of frivolity'" or the existence of mere "good
22              faith" on his or her part. *Barefoot, supra*, at 893, 103 S.Ct. 3383.
                **We do not require petitioner to prove, before the issuance of**
23              **a COA, that some jurists would grant the petition for habeas**

24

25

26

27                          NOTICE OF APPEAL AND REQUEST FOR
                            CERTIFICATE OF APPEALABILITY
                                         Page 2

**corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail**.

537 U.S. at 336-338, 123 S.Ct. at 1039-1040 (emphasis supplied).

In the instant case Mr. Smith has presented to this Court a number of claims arising from over twenty years of litigating the sentences of death imposed upon him by the Montana courts. With the exception of those claims abandoned by the Petitioner, virtually all of the claims set forth in the Amended Petition for Habeas Corpus, particularly those pertaining to the Montana District Court's singling out the testimony of Dr. William Stratford in its findings of fact, to the exclusion of all of the other mental health experts who testified at the Petitioner's sentencing hearings and the Court's further discussing this case with the media **while it was still pending before the court** are clearly debatable among jurists of reason, and the Petitioner respectfully requests that this Court grant a Certificate of Appealability on all of these claims.

Further, although the Court cited *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in denying the Petitioner's claim that he should have had a jury make the necessary findings of fact for the imposition of a sentence of death, it is respectfully submitted that the holding *Blakely v. Washington,* 542. U.S. 296 (2004) by implication dictated that despite the Petitioner's entry of a plea of guilty to the offenses that constituted aggravating factors, further fact finding pertaining to the aggravating and mitigating factors was necessary before a sentence could be imposed and pursuant to *Blakely*, that fact finding had to be made by a jury.

The further fact that the broad holding in *Blakely* constituted a watershed rule of criminal procedure make the issue of both the applicability and retroactivity of *Blakely* clearly debatable among jurists of reason and a certificate of appealabilty should issue on this

1  Court's denial of the Petitioner's claims pertaining to a jury determination of the facts

2  necessary for the imposition of a sentence of death.

3

4         Respectfully submitted this 21st day of May, 2007.

5

6         /s/ Don Vernay
          Don Vernay
7         1604 Golf Course Road SE
          Rio Rancho, NM 87124
8         (505) 892-2766
          (505) 892-8119 (fax)
9         minimal243@yahoo.com
          Counsel for Ronald Allen Smith
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                    NOTICE OF APPEAL AND REQUEST FOR
                      CERTIFICATE OF APPEALABILITY
                                  Page 4